# United States District Court
## Southern District of Florida
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **THIRD AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 07-CR-20897-PCH |
| **MARIO ALBERTO SIMBAQUEBA BONILLA** | USM Number: 78997-004 |
| | Counsel For Defendant: JAY WHITE, ESQUIRE |
| | Counsel For The United States: RICHARD BOSCOVICH |
| | Court Reporter: Larry Herr |

The defendant pleaded guilty to Counts 1-16 of the Indictment.
The defendant is adjudicated guilty of the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to defraud produce use and traffic in one or more counterfeit access devices/ to defraud possess fifteen or more counterfeit and unauthorized access devices, affecting interstate commerce; intentionally access a computer without authorization and obtain information contained in a file from the files of a consumer reporting agency; to knowingly possess and use without lawful authority a means of identification of another person with the intent to commit and to aid and abet any unlawful activity | August 31, 2007 | 1 |
| 18 U.S.C. §§ 1029(a)(2) and 2 | access device fraud | November 19, 2005 | 2 |
| 18 U.S.C. §§ 1029(a)(2) and 2 | access device fraud | November 20, 2005 | 3 |
| 18 U.S.C. §§ 1029(a)(2) and 2 | access device fraud | January 21, 2007 | 4 |
| 18 U.S.C. §§ 1029(a)(2) and 2 | access device fraud | January 25, 2007 | 5 |
| 18 U.S.C. §§ 1029(a)(2) and 2 | access device fraud | January 25, 2007 | 6 |
| 18 U.S.C. §§ 1029(a)(2) and 2 | access device fraud | October 21, 2007 | 7 |
| 18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D) and 2 | identity theft | August 31, 2007 | 8 |
| 18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D) and 2 | identity theft | August 31, 2007 | 9 |
| 18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D) and 2 | identity theft | August 31, 2007 | 10 |
| 18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D) and 2 | identity theft | August 31, 2007 | 11 |
| 18 U.S.C. §§ 1028(A) (a)(1) and 2 | aggravated identity theft | February 15, 2006 to February 9, 2007 | 12-16 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

## Date of Original Judgment: April 11, 2008
(Or Date of Last Amended Judgment)

## Reason for Amendment:

Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3512(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court    ☐ 28 U.S.C. § 2255 or
☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

Date of Imposition of Sentence:
September 7, 2010

_[signature]_
PAUL C. HUCK
United States District Judge

September **23**, 2011

DEFENDANT: MARIO ALBERTO SIMBAQUEBA BONILLA
CASE NUMBER: 07-CR-20897-PCH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **108 months. This term consists of sixty (60) months as to each of counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, to run concurrently to each other; twenty-four (24) months as to count 12, to run consecutively to counts 1-11; and twenty-four (24) months as to each of counts 13, 14, 15, and 16 to run concurrent to each other and consecutively to counts 1-11, and 12**

The Court makes the following recommendations to the Bureau of Prisons:

> Defendant shall be housed in a facility as close to south Florida as appropriate and available. Defendant shall receive mental and substance/alcohol abuse treatment while incarcerated.

The defendant is remanded to the custody of the United States Marshal.


## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: MARIO ALBERTO SIMBAQUEBA BONILLA
CASE NUMBER: 07-CR-20897-PCH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to counts 1-11 and 1 year as to counts 12-16 years**. All counts to be served concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MARIO ALBERTO SIMBAQUEBA BONILLA
CASE NUMBER: 07-CR-20897-PCH

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release

The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

The defendant shall participate in an approved inpatient/outpatient mental health treatment program. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

Permissible Search: The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

Permissible Computer Examination: The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

Computer Activity Recordkeeping Requirement: The defendant shall maintain a daily log of all addresses or sites accessed via any personal computer (or other computer used by the defendant), other than for authorized employment, and make this log available to the U.S. Probation Officer.

Offense Related Computer Restriction: The defendant shall refrain from accessing via computer any "material" that relates to the activity in which the defendant was engaged in committing the Instant Offense.

Data Encryption Restriction: The defendant shall not possess or use any data encryption technique or program.

Computer Modem Restriction: The defendant shall not possess or use a computer that contains an internal, external or wireless modem without the prior approval of the Court.

Computer Possession Restriction: The defendant shall not possess or use any computer; except that the defendant may, with the prior approval of the Court, use a computer in connection with authorized employment.

Employer Computer Restriction Disclosure: The defendant shall permit third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act.

If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

Self-Employment Restriction: The defendant shall obtain prior written approval from the Court before entering into any self-

employment.

　　　Credit Card Restriction: The defendant shall not possess any credit cards, nor shall he be a signer on any credit card obligations during his term of supervision, without the Court's approval.

DEFENDANT: MARIO ALBERTO SIMBAQUEBA BONILLA
CASE NUMBER: 07-CR-20897-PCH

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $1,600 | $ | $353,203 |

Restitution with Imprisonment -
It is further ordered that the defendant shall pay restitution in the amount of $353,203. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 20% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:07-cr-20897-PCH Document 186 Entered on FLSD Docket 09/27/2011 Page 8 of 8

USDC FLSD 245B (Rev. 12/03) Judgment in a Criminal Case — Page 8 of 8

DEFENDANT: MARIO ALBERTO SIMBAQUEBA BONILLA
CASE NUMBER: 07-CR-20897-PCH

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$354,803** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

See attached victim list for restitution payees.